UNITED STATES of America,

v.

**Honorable Frederick vanPelt BRYAN, United States District Judge for the Southern District of New York, Respondent.**

**UNITED STATES of America,**

v.

**Carl SIMON et al., Defendants.**

**Docket No. 32266.**

United States Court of Appeals Second Circuit.

Petition for Mandamus Argued April 17, 1968.

Decided April 17, 1968.

Peter E. Fleming, Jr., Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., Charles P. Sifton, Leonard M. Marks and Hugh C. Humphreys, Asst. U. S. Attys., Southern District of New York, on the brief), for petitioner.

David W. Peck, New York City (Sullivan & Cromwell, Marvin Schwartz, on the brief), for defendants Carl Simon, et al.

Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

The government petitions for a writ of mandamus to prohibit Judge Bryan from presiding at the retrial of United States v. Simon et al. on charges of mail fraud, after the first trial lasting from December 5, 1967 to February 2, 1968 had ended with the jury unable to agree upon a verdict.

It has long been the practice in the Southern District of New York, with few exceptions, to have the second trial of a criminal case of any length and complexity tried before a judge other than the judge who presided at the first trial. This is a wise procedure and one which was not found to be too burdensome even when the district had only 6 judges as compared with the 23 active judges now in service.

Judge Bryan stated that because this case had been assigned to him for all purposes pursuant to Rule 2 of the General Rules of the Southern District of New York, it was his duty to preside at the retrial. We appreciate that Judge Bryan acted out of a desire not to burden another colleague with so laborious and complex a task and because it would be more economical of the time of a busy court

for him to preside again. In such a busy district with many calendars not current this may seem to be an appropriate consideration, and if all parties were agreeable an exception might be made to the practice of having another judge retry the case. However, the government is not agreeable to this and has made its position clear.

We believe that at least in a multi-judge district such as the Southern District of New York where the necessity of retrial before the same judge is not present, the practice of retrial before a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality. Because we believe that this outweighs any considerations of judicial economy and convenience, we hold that it is the wiser practice, wherever possible, that a lengthy criminal case be retried before a different judge unless all parties request that the same judge retry the case. See United States v. Mitchell, 354 F.2d 767, 769 (2 Cir. 1966).

Accordingly, we see no reason to inquire into the allegations of the government's petition, except to note that we find no basis for alleged bias in the retention of Lybrand, Ross Bros. and Montgomery, the accounting firm with which the defendants were associated, by Columbia University of which Judge Bryan is a trustee.

We are disposed to avoid any study of the allegations concerning rulings on evidence and the conduct of the trial, as these matters must be passed upon *de novo* by the judge who is to preside at the retrial, and he, of course, should be free to make his rulings on the record which is made before him. Cf. Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

As we have every reason to believe that Judge Bryan will act pursuant to our views regarding the preferred practice in these matters, we defer further study of the petition, meanwhile retaining jurisdiction. See Rapp v. Van Dusen, 350 F.2d 806, 814 (3 Cir. 1965).