UNITED STATES of America,
Plaintiff-Appellee,

v.

Jack Lee WEBSTER, Defendant-
Appellant.

No. 72-2062.

United States Court of Appeals,
Ninth Circuit.

Oct. 19, 1972.

Glenn H. Prohaska (argued), of Reiter, Day, Wall & Bricker, Portland, Or., for defendant-appellant.

Tommy Hawk, Asst. U. S. Atty. (argued), Jack Wong, Michael L. Morehouse, Asst. U. S. Attys., Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT and CHOY, Circuit Judges, and LINDBERG, District Judge.*

LINDBERG, District Judge:

Appellant Jack Lee Webster appeals the district court's denial of his motion to withdraw a guilty plea under Rule 32(d) of the Federal Rules of Criminal Procedure. We affirm.

Webster was arrested on December 7, 1971, on a charge of bank robbery. The following day, he was taken before a magistrate and advised of his rights. On December 14, 1971, he met with two Assistant United States Attorneys and an agent of the Federal Bureau of Investigation at his own request. At this meeting, Webster was again advised of his rights. Nevertheless, he waived his rights and signed a statement detailing his own participation and that of one Larry Stubbs in two Oregon bank robberies. The grand jury thereafter returned an indictment in three counts which respectively charged Webster with violations of 18 U.S.C. § 2113(a), 18 U. S.C. § 2113(d), and 18 U.S.C. § 924(c). On January 19, 1972, in a proceeding fully comporting with the requirements of Rule 11,[1] he pleaded guilty to Count II of the indictment, and the other two counts were dismissed. On February 27, 1972, while out on bail and in the course of a burglary, Larry Stubbs committed suicide to avoid capture.

Shortly after Stubbs' death, Webster moved to withdraw his plea on the ground that it was involuntary and had been entered only as a result of coercion by Stubbs. The court held a hearing and, as indicated, denied the motion.

Webster testified at the hearing that Stubbs and Stubbs' attorney wanted him to plead guilty to the charge because it would result in a more lenient sentence for Stubbs. He asserted that Stubbs had physically assaulted him in the United States Marshal's holding cell at a time prior to December 14th when the written confession was signed and in the county jail at a time subsequent to the confession but prior to the guilty plea. Stubbs also, according to Webster, threatened harm to Webster's family and girl friend if he did not plead guilty. This testimony was corroborated by another prisoner, Donald Milton Orand, who allegedly witnessed certain acts of coercion both in the marshal's holding cell and in the county jail.

In response, the government called the United States Marshal who testified that his records indicated Orand had never been in the holding cell with Webster and Stubbs at the same time. It also called a deputy marshal who testified that Webster had bragged to him about the ease of committing the robbery. Stubbs' attorney was called and denied having made any representations to Webster concerning the effect of

---

\* The Honorable William J. Lindberg, United States District Judge for the Western District of Washington, sitting by designation.

1. Although the transcript of that proceeding is not before us, appellant has not challenged the finding of the district court in its opinion that the requirements of Rule 11 were strictly followed. We note, in this regard, that the motion was denied by a different judge from the one who accepted the plea.

Webster's plea on Stubbs' sentence. In addition, an agent of the Federal Bureau of Investigation testified that normal investigation procedures, including the conducting of a lineup, had been foregone in reliance on Webster's confession and his anticipated guilty plea.

The district court based its decision on the lack of credibility of Webster and Orand, the detail and specificity of the confession, the statements made to the deputy marshal, the scrupulous adherence to Rule 11 at the arraignment, and the prejudice to the government which would result from withdrawal of the plea.

It has long been clear that leave to withdraw a guilty plea should be freely granted prior to sentencing where there is a fair and just reason for doing so, Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Kadwell v. United States, 315 F.2d 667 (9th Cir. 1963). It is equally clear, however, that withdrawal is not an absolute right and that the determination of whether it is to be permitted is committed to the sound discretion of the district court and will be reversed only for an abuse of that discretion. Sherman v. United States, 383 F.2d 837 (9th Cir. 1967); United States v. Youpee, 419 F.2d 1340 (9th Cir. 1969); United States v. Stayton, 408 F.2d 559 (3rd Cir. 1969); Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979 (1964). The burden remains on the defendant to present a plausible reason for withdrawal.

Webster does not deny that the district court was invested with some discretion in deciding his motion. He does argue, however, that the court abused its discretion by considering evidence and matters of record which reflect on his guilt. He cites Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499 (1959), for the proposition that " . . . the District Court should not attempt to decide the merits of the proffered defense, thus determining the guilt or innocence of the defendant." *Id.*, at 502.

While we agree with the holding in *Gearhart*, we do not find it applicable here. The district court did consider, *inter alia*, Webster's detailed confession, his gratuitous remarks to the deputy marshal, and his statements made in response to the inquiries mandated by Rule 11, but the memorandum opinion of that court makes it clear that these were considered only as they relate to the issue necessarily raised by Webster's motion, i. e. the issue of coercion. Where the district court has stated explicitly the purpose for which such evidence is considered and that purpose is legitimate, we cannot find that such consideration was improper merely because such evidence hypothetically could have been used for an impermissible purpose. Courts often consider Rule 11 proceedings in determining the merits of a motion to withdraw a guilty plea. United States v. Youpee, *supra*; Kadwell v. United States, *supra*; United States v. Fernandez, 428 F.2d 578 (2d Cir. 1970).

Webster also argues that the district court's determination that the government would suffer prejudice from withdrawal of the guilty plea was not supported by the evidence. Although there was some testimony that the government curtailed its investigation in reliance on Webster's confession and his *anticipated* guilty plea, we would have to agree that the record here contains meagre support for a finding of specific or substantial prejudice resulting from reliance on the plea itself. A showing of such prejudice, however, is not a *sine qua non* for denying a motion where, as here, the court properly has found that the defendant has failed to present and support a plausible reason for withdrawal of the plea. United States v. Akins, 420 F.2d 960 (9th Cir. 1969).

The remainder of Webster's arguments amount to an attack on the weight the district court accorded the conflicting evidence. The weight to be given the evidence and the credibility to be attributed to the witnesses is primarily a matter entrusted to the district

court. United States v. Fernandez, *supra*, 428 F.2d at 580. Since the basis of the motion in this case was an inherently implausible story tendered by two witnesses whose credibility was severely impeached by the record,[2] we see no reason to disturb the disposition of the lower court.

Affirmed.

2. During the hearing, appellant admitted to two prior felony convictions and Orand admitted to three. Orand subsequently was convicted of a fourth.