892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Roberto ORTIZ-MARQUEZ, Defendant-Appellant.
 No. 89-50047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Ortiz-Marquez appeals his conviction, following a guilty plea, for one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Ortiz-Marquez contends that the district court erred by denying his motion to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. See United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987).
 
 
 4
 The court may permit withdrawal of a guilty plea before imposition of sentence "upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). The defendant has no automatic "right" to withdraw the plea and bears the burden of showing a fair and just reason why a motion to withdraw should be granted. Rios-Ortiz, 830 F.2d at 1069. Because "[s]olemn declarations in open court carry a strong presumption of verity" when a defendant enters a guilty plea, United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.), cert. denied, 484 U.S. 382 (1987) (citation omitted), the district court is entitled to give greater weight to the defendant's statements under oath at the time of his guilty plea than to those made in a subsequent affidavit in support of withdrawing that plea, United States v. Castello, 724 F.2d 813, 815 (9th Cir.), cert. denied, 467 U.S. 1284 (1984). The district court may also consider the timing and circumstances of the motion to withdraw, see United States v. Navarro-Flores, 628 F.2d 1178, 1184 (9th Cir.1980), and a later change of heart is not sufficient cause to withdraw the plea, see Rios-Ortiz, 830 F.2d at 1070.
 
 
 5
 Here, the district court questioned Ortiz-Marquez at length to establish a factual basis for the guilty plea and to ensure that he understood the consequences of the plea. Ortiz-Marquez testified under oath that he understood the possible consequences of his plea and that he was not pleading guilty to assist his codefendant or any other person. Although this testimony contradicts the allegations Ortiz-Marquez made in his motion to withdraw the plea, his statements under oath at the hearing carry significant weight. See Rubalcaba, 811 F.2d 494; Castello, 724 F.2d at 815. Indeed, it appears that Ortiz-Marquez made his motion to withdraw the plea after the government had made a plea bargain with his codefendant based on Ortiz-Marquez' sworn affidavit that he would provide exculpatory testimony on her behalf. The district court could reasonably have concluded that Ortiz-Marquez experienced a "change of heart" after his codefendant had received a lesser sentence. This change of heart does not justify withdrawal of the plea. See Navarro-Flores, 628 F.2d at 1184.
 
 
 6
 Based on the contradictions between Ortiz-Marquez' sworn testimony at the time of his plea and his affidavit, Ortiz-Marquez failed to carry his burden to show a "fair and just reason" to withdraw his guilty plea. See Fed.R.Crim.P. 32(d). Thus, we are unable to say that the trial court abused its discretion by denying the motion to withdraw his plea. See Rios-Ortiz, 830 F.2d at 1069; Rubalcaba, 811 F.2d at 494; Castello, 724 F.2d at 815; Navarro-Flores, 628 F.2d at 1184.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3