**UNITED STATES of America, Plaintiff,**

v.

**Gabriel RASCON–GAMEZ, Defendant.**

**No. CR 92–190 TUC JMR.**

United States District Court,
D. Arizona.

Oct. 4, 1993.

Jessie Figueroa, Asst. U.S. Atty., Tucson, AZ, for plaintiff.

Louis Hollingsworth, Hollingsworth & Gallego, Tucson, AZ, for defendant.

## ORDER

ROLL, District Judge.

Defendant GABRIEL RASCON–GAMEZ moves the Court for an order granting him permission to withdraw his guilty plea. In support of his motion, defendant asserts that his former counsel coerced him into pleading guilty by telling the defendant that he was likely to be convicted if the case proceeded to trial and that a conviction would result in a substantially higher sentence than the range provided for under the plea agreement. For the reasons discussed below, defendant's motion is denied.

### FACTS

a. *Indictment.*

On March 25, 1992, defendant Gabriel Rascon–Gamez and several others were indicted for possession with intent to distribute marijuana, conspiracy to possess with intent to distribute marijuana, and unlawful use and carrying of a firearm during a federal offense. The firearm allegedly used was a semi-automatic handgun.[1] Defendant's court-appointed counsel (former counsel) filed numerous pretrial motions and a hearing was conducted regarding those matters.

b. *Change of plea proceedings.*

On September 1, 1992, defendant entered a plea of guilty to unlawful possession of marijuana with intent to distribute a quantity of 263 pounds. The federal sentencing guideline offense level for this charge is 26. Because the defendant has a prior felony conviction and was on probation at the time of the instant offense, his criminal history category is II. Accordingly, under the guidelines, the defendant faces a range of 87–108 months. If two points are deducted from the offense level for acceptance of responsibility, the guideline range is 70–87 months. Under the plea agreement negotiated by defendant's former counsel, defendant faces a range of 24–48 months.

At the change of plea proceeding, the following exchange occurred:

THE COURT: Mr. Gabriel Rascon–Gamez, has anyone threatened you or used any force or coercion against you to make you enter this plea?

---

1. The crime of unlawful use and carrying of such a firearm during a federal offense is punishable by a mandatory five year term of imprisonment which must run consecutive to any other sentence imposed. 18 U.S.C. § 924(c)(1).

THE INTERPRETER: No.

\* \* \* \* \* \*

THE COURT: Are you satisfied with the services of your attorney?

DEFENDANT GABRIEL RASCON–GAMEZ: Yes.

The defendant also acknowledged his role in the conspiracy:

THE COURT: Mr. Gabriel Rascon–Gamez, did you agree to sell a quantity of marijuana?

DEFENDANT GABRIEL RASCON–GAMEZ: Yes.

THE COURT: And in that regard, was that approximately 250 pounds?

DEFENDANT GABRIEL RASCON–GAMEZ: No.

THE COURT: Mr. [former counsel], do you want to state the factual basis for your client's plea of guilty?

[DEFENDANT'S FORMER COUNSEL]: Your Honor, according to the disclosure provided me, on a certain date that I can't remember right this moment, in Phoenix, my client met with an undercover narcotic agent at Smitty's Restaurant and delivered to him a sample of some marijuana that indicated the quality that was to be sold later. And that is my understanding of what his participation was. And I have talked to the agent in question and that is what his testimony would be.

THE COURT: Mr. Gabriel Rascon–Gamez, do you agree with what your attorney described as to what you did?

DEFENDANT GABRIEL RASCON–GAMEZ: Yes.

\* \* \* \* \* \*

[ASSISTANT U.S. ATTORNEY]: Yes. I would prove to the Court that around February 26th is when the agents had their first contact with Gabriel Rascon–Gamez, and they received a sample from Gabriel on the 28th. And this sample was suppos-edly part of a larger load. Negotiations continued. Several contacts were made in Tucson, culminating in the delivery of March 2nd of 250 pounds of marijuana.

That is the substance of this case and the substance of the plea.

I would prove that these defendants were co-conspirators with the other co-defendants, and that their liability rests on the co-conspirator theory as well as aiding and abetting.[2]

\* \* \* \* \* \*

[ASSISTANT U.S. ATTORNEY]: Your Honor, when I spoke, I spoke mainly for [former counsel's] client.

THE COURT: Mr. Gabriel Rascon–Gamez?

[ASSISTANT U.S. ATTORNEY]: Yes.

THE COURT: Mr. Gabriel Rascon–Gamez, do you agree with the facts set out by the U.S. Attorney?

DEFENDANT GABRIEL RASCON–GAMEZ: Well, he was saying that a sample was offered, that I offered Rodriguez a sample. He's a DEA agent. But I didn't offer the sample to the DEA agent. I delivered that sample to the informant. It was not at that place.[3]

\* \* \* \* \* \*

THE COURT: Mr. Gabriel Rascon–Gamez, how do you plead to the charge of possession with intent to distribute marijuana, approximately 250 pounds, as alleged in Count One of the indictment?

DEFENDANT GABRIEL RASCON–GAMEZ: Guilty.

When the defendant was asked about the written plea agreement, the following occurred:

THE COURT: Before you signed it, did you discuss it with your attorney?

DEFENDANT GABRIEL RASCON–GAMEZ: Yes, sir.

---

**2.** Co-defendant Jose Ramon Rascon–Gamez, the defendant's brother, entered a change of plea during the same proceeding.

**3.** Defense counsel now suggests that the defendant speaking through the federally certified in-terpreter, may have meant "the sample was delivered" rather than "I delivered that sample." Defense counsel was not present, however, and this argument is based entirely upon speculation.

THE COURT: Do you understand the terms contained in the written plea agreement?

DEFENDANT GABRIEL RASCON–GA-MEZ: Yes.

THE COURT: Do you have any questions about it?

DEFENDANT GABRIEL RASCON–GA-MEZ: Yes, I do. I am signing that agreement not because I am being forced to, but because I am pleading—not because of what it says there, but because I don't want to go to trial. I am afraid that I may be convicted and then my sentence could be heavier.

### c. *Motion to withdraw guilty plea.*

On December 8, 1992, co-defendant Jose Rascon–Gamez was sentenced to 48 months imprisonment. On December 15, 1992, the defendant filed a motion captioned "Emergency Motion for Re–Appointment of Counsel." Former counsel responded to defendant's "emergency motion" with a letter. In that letter, he stated: "You, not I, made the decision to accept the plea offer with a 24–48 month range of potential sentencing." New counsel was appointed.

New counsel thereafter filed a "Supplemental Motion to Withdraw from Plea." An evidentiary hearing on defendant's motion was conducted. Former counsel testified that prior to the change of plea, he had discussed the merits of the case with the defendant and candidly advised him that although the defendant claims that an agent misidentified him, a jury was likely to believe the testimony of the agent. The former attorney also furnished the case reports to the defendant, which reports totalled forty-eight pages.

At the conclusion of the hearing, the Court took the motion under advisement.

### LAW

■ A defendant may withdraw a guilty plea "upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). The burden is on the defendant to show a fair and just reason. *United States v. Rios–Ortiz*, 830 F.2d 1067, 1069 (9th Cir.

1987). A defendant does not have an absolute right to withdraw a guilty plea. *Rios–Ortiz, id.* See also *United States v. Abreu*, 964 F.2d 16, 19 (D.C.Cir.1992); *United States v. Thompson*, 680 F.2d 1145, 1151 (7th Cir.), *cert. denied*, 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982); *Gov't of Virgin Islands v. Berry*, 631 F.2d 214, 219 (3rd Cir.1980).

■ A defendant's statements under oath at a change of plea proceeding "carry a strong presumption of verity." *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.), *cert. denied*, 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 66 (1987) (citations omitted). A court is entitled to credit a defendant's sworn statements at a change of plea proceeding over subsequent declarations. *United States v. Castello*, 724 F.2d 813, 815 (9th Cir.), *cert. denied*, 467 U.S. 1254, 104 S.Ct. 3540, 82 L.Ed.2d 844 (1984).

■ In deciding whether to permit withdrawal from a plea of guilty, the district court may consider the timing and circumstances of such a motion. *United States v. Navarro–Flores*, 628 F.2d 1178, 1184 (9th Cir.1980). One such circumstance includes prejudice to the government. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). A defendant's change of heart based upon the sentence imposed upon a co-defendant is not a fair and just reason for withdrawal. *Rios–Ortiz*, 830 F.2d at 1069.

■ Here, the defendant has failed to demonstrate a fair and just reason for withdrawal of the guilty plea he entered over a year ago. At the change of plea proceeding, under oath, the defendant admitted his involvement in the criminal acts and stated that his guilty plea was not coerced. Although the government need not demonstrate prejudice in order to defeat a defendant's motion to withdraw, *Rios–Ortiz, id.*, the government has shown that prejudice would result from vacating the defendant's guilty plea. If defendant's motion is granted, the government would be required to disprove a misidentification defense one and one-half years after the acts in question.

Defendant relies upon *Iaea v. Sunn*, 800 F.2d 861 (9th Cir.1986). There, a public defender induced a defendant to plead guilty by reassuring the defendant that there was a good chance he would receive probation and the chances of receiving an extended sentence were "almost zero." Defense counsel threatened to withdraw if the defendant did not plead guilty. The defendant's brother threatened to withdraw the bail he had posted if the defendant did not plead guilty. The judge sentenced the defendant to three terms of life imprisonment, two 25 year sentences and one 10 year sentence. This case is easily distinguishable.

To the extent the defendant argues that counsel was ineffective, the Court finds that former counsel's performance was not deficient and, in any event, no prejudice resulted from former counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *United States v. Zweber*, 913 F.2d 705, 711–12 (9th Cir.1990). *See also Lockhart v. Fretwell*, —— U.S. ——, ——, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (in addition to two-prong *Strickland* analysis, petitioner must demonstrate that the result of the proceeding was "fundamentally unfair or unreliable").

### CONCLUSION

IT IS ORDERED that defendant's motion to withdraw plea of guilty is DENIED.

IT IS FURTHER ORDERED that the defendant is set for sentencing on **Wednesday, November 10, 1993, at 1:45 p.m.**