15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee
v.
Jeffrey KROENING, Defendant-Appellant
 No. 93-50103.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.
Decided Dec. 14, 1993.
 
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jeffrey L. Kroening appeals the district court's denial of his motion to withdraw his plea of guilty to one count of conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). Kroening argues he is legally innocent and that his guilty plea was insufficient under Rule 11 of the Federal Rules of Criminal Procedure. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * In February 1991, Kroening and a co-defendant, Marvin Evans, met with a confidential informant and discussed the manufacture of methamphetamine. The conversation was tape recorded. On March 14, 1991, the informant delivered 10 pounds of ephedrine, a chemical used to make methamphetamine, to the residence Kroening and Evans shared. Later that day, Evans met with the informant and gave him 900 grams (2 pounds) of methamphetamine.
 
 
 4
 Kroening was arrested May 17, 1991, and charged in a two-count indictment with conspiracy to manufacture and possess with intent to distribute, and possession with intent to distribute, methamphetamine. Kroening initially pleaded not guilty to the charges. On September 16, 1991, Kroening entered into a plea agreement with the government and pleaded guilty to the conspiracy charge. The government dismissed the remaining count.
 
 
 5
 At Kroening's plea hearing, the district judge questioned Kroening extensively about his guilty plea. The judge inquired whether Kroening understood the nature of the offense, was satisfied with his counsel, understood he was waiving several constitutional rights, had committed the overt act of discussing the manufacture of methamphetamine, was aware of the maximum penalty for the crime, and understood the district judge's sentence was no basis for withdrawal of his plea. Kroening responded affirmatively to these inquiries. Kroening also affirmed he was pleading guilty "because in truth and in fact [he was] guilty and not for any other reason." Kroening's counsel admitted Kroening had "no meritorious defense" to the conspiracy count.
 
 
 6
 Kroening's sentencing was initially set for December 16, 1991, but was continued several times and finally scheduled for May 4, 1992. In the meantime, Evans and another co-defendant, Ramiro Montoya, were sentenced. The government also issued Kroening's presentence report, which listed the Guideline sentence range as 360 months to life. The government recommended a downward departure to 210 months. On May 4, 1992, Kroening notified the district court that he wanted to withdraw his guilty plea. After a hearing, the district court denied Kroening's motion.
 
 II
 
 7
 The district court may permit a defendant to withdraw his plea of guilty prior to sentencing if he meets his burden of showing "any fair and just reason." Fed.R.Crim.P. 32(d). A defendant has no right to withdraw a guilty plea. United States v. Myers, 993 F.2d 713, 714 (9th Cir.1993). After sentencing, a guilty plea cannot be withdrawn "unless a manifest injustice would result." United States v. Ramos, 923 F.2d 1346, 1358 (9th Cir.1991). A defendant's attempt to withdraw a plea after co-defendants have been sentenced " 'is akin to that of a defendant who seeks to withdraw his plea after sentencing.' " Id. at 1358 (quoting United States v. Kay, 537 F.2d 1077, 1078 (9th Cir.1976) (per curiam)). We review the district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. Myers, 993 F.2d at 714.
 
 
 8
 * Kroening first argues the district court should have granted his motion to withdraw his guilty plea because he is legally innocent. He contends the only evidence against him was an audio tape of a conversation between Kroening, Evans, and the informant in which Kroening discussed the manufacture of methamphetamine and bragged about his past exploits. The remaining evidence linking him to the conspiracy, Kroening argues, is "insufficient."
 
 
 9
 Kroening presented no new evidence of his innocence and asserted no intervening circumstances other than disappointment in the length of his proposed sentence. See United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). Generally, a " 'mere assertion of innocence, absent a substantial supporting record[,] will not be sufficient to overturn a denial of a motion to withdraw.' " United States v. Ludwig, 972 F.2d 948, 951 (8th Cir.1992) (quoting United States v. Clark, 931 F.2d 292, 295 (5th Cir.1991)); see also Fed.R.Crim.P. 32(d) advisory committee's notes. We have held a "defendant's 'change of heart' is insufficient as a 'fair and just reason' " for granting the motion to withdraw a guilty plea. Rios-Ortiz, 830 F.2d at 1069 (9th Cir.1987) (quoting United States v. Figueroa, 757 F.2d 466, 475 (2d Cir.), cert. denied, 474 U.S. 840 (1985)). Additionally, a defendant may not plead guilty to test the weight of potential punishment, and then withdraw if the sentence is unexpectedly severe. Ramos, 923 F.2d at 1346.
 
 
 10
 One of the factors a district court may consider is the amount of time between the entry of the guilty plea and the motion to withdraw. See, e.g., United States v. Navarro-Flores, 628 F.2d 1178, 1184 (9th Cir.1980) (rejecting motion to withdraw guilty plea made over a month after plea entered and after co-defendant sentenced). In this case, Kroening allowed nearly eight months to pass before he moved to withdraw his guilty plea, during which time his co-defendants were sentenced and his presentence report was issued. "From the timing and circumstances of the application to withdraw the plea, the district court could reasonably have concluded that withdrawal was intended to serve a different purpose than that avowed by appellant." Id. at 1184. Consequently, the district court did not abuse its discretion in refusing to grant Kroening's motion based on his "change of mind" and tardy assertion of innocence, or on his disappointment with his recommended sentence.
 
 B
 
 11
 Kroening also argues the district court erred in using United States v. Carr, 740 F.2d 339 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985), as a "guideline" and "definitive yardstick" in analyzing Kroening's motion to withdraw his plea. This argument has no merit. The district court did not base its decision solely on the factors set forth in Carr, but considered several cases from the Ninth Circuit and other circuit courts, including many cited by Kroening in his motion. Regardless, the district court did not err by citing persuasive case law from another circuit that does not contradict Ninth Circuit law.
 
 C
 
 12
 Kroening additionally contends his guilty plea was insufficient under Rule 11 of the Federal Rules of Criminal Procedure, entitling him to withdrawal of the plea. He argues his admission to only the taped conversation with the informant and Evans, which Kroening admitted at his plea hearing was an "overt act" in furtherance of the conspiracy, was insufficient as a matter of law to constitute a legal plea to the charge.
 
 
 13
 Kroening contends we should follow Nevarez-Diaz v. United States, 870 F.2d 417 (7th Cir.1989). In Nevarez-Diaz, the Seventh Circuit reversed the denial of the defendant's motion to withdraw his guilty plea because the defendant, who spoke no English and had a sixth-grade education, did not in fact understand the nature of the charges against him, or that his conduct actually fell within the charge. Id. at 418, 421. As the district court noted, Kroening's guilty plea is distinguishable. Kroening has significantly more education (a high school diploma and three years of advanced training) than did Nevarez-Diaz, he is familiar with the criminal justice system and the charges against him due to previous convictions, and he stated clearly under oath that he understood the nature of the charge and was in fact guilty.
 
 
 14
 At Kroening's plea hearing, the district court addressed Kroening personally, and followed each of the requirements of Rule 11, including stating and explaining the nature of the charge against Kroening and determining that he understood the charge. The requirements of Rule 11 "are designed to ensure that the criminal defendant who pleads guilty understands exactly what the plea means." Rios-Ortiz, 830 F.2d at 1070. Because the district court fully complied with Rule 11, directing withdrawal of Kroening's guilty plea "merely because he changed his mind would undermine Rule 11's purpose and reduce plea proceedings to a time-consuming formality with no lasting effect." Id. The district court did not abuse its discretion in rejecting Kroening's Rule 11 argument.
 
 D
 
 15
 Finally, Kroening contends his motion to withdraw should have been granted because it would not prejudice the government. This argument is insufficient without more to support a motion to withdraw a guilty plea. Rios-Ortiz, 830 F.2d at 1067; see also Fed.R.Crim.P. 32(d) advisory committee's notes.
 
 CONCLUSION
 
 16
 Kroening did not move to withdraw his guilty plea until after his co-defendants had been sentenced and he had seen his presentence report. Neither before the district court nor on appeal did Kroening meet his burden to show "manifest injustice" would result from denial of his motion, or even that "any fair and just" reason exists for granting it. We therefore hold the district court did not abuse its discretion in denying Kroening's motion, and his conviction is
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3