97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Mitchell CASEY, Defendant-Appellant.
 No. 95-10520.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 12, 1996.
 
 Before: FLETCHER, BRUNETTI and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Mitchell Casey appeals his sentence under the Sentencing Guidelines imposed following his jury conviction for bank robbery. He contends, and the government concedes, that the district court violated Fed.R.Crim.P. 32(c)(3)(C) by failing to afford him the right of allocution at sentencing. The error was not harmless because Casey's sentence was not "as short as it could possibly be under the Guidelines." See United States v. Carper, 24 F.3d 1157, 1162 (9th Cir.1994) (citations omitted). Accordingly, we vacate Casey's sentence and remand for resentencing.
 
 
 3
 Relying on United States v. Navarro-Flores, 628 F.2d 1178 (9th Cir.1980), Casey contends that this case should be remanded to a different district judge for resentencing. In Navarro-Flores, remand to a different district judge was appropriate because the record showed "repeatedly expressed views, some apparently firmly established, of defendant by the district judge...." Id. at 1184-85. Here, by contrast, nothing in the record suggests that reassignment to a different district judge is appropriate.
 
 VACATED AND REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address the claims in Casey's pro se letters and deny his pro se motion to file a supplemental brief because he is represented by counsel. See United States v. Crowhurst, 629 F.2d 1297, 1301 (9th Cir.), cert. denied, 449 U.S. 1021 (1980)