**UNITED STATES of America,
PlaintiffAppellee,**

v.

**Miguel AGUILAR, Defendant—
Appellant.**

No. 04–50572.
D.C. No. CR 04–523–R.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Feb. 27, 2006.

Janet C. Hudson, USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

**504**

Jonathan D. Libby, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before HUG and WARDLAW, Circuit Judges, and SUKO,* District Judge.

## MEMORANDUM**

 Miguel Aguilar appeals his sentence of ninety-six months imprisonment following his guilty plea for possession with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1). We vacate Aguilar's sentence and remand for resentencing.

Aguilar argues that the district court erred by failing to consult the United States Sentencing Guidelines, or the factors requiring consideration in 18 U.S.C. § 3553(a); *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 765–66, 160 L.Ed.2d 621 (2005); and by failing to provide the reasons for its sentencing decision. We agree.

 The government first argues that we do not have jurisdiction because Aguilar waived his right to appeal his sentence in his plea agreement. His plea agreement waiver, however, was conditioned upon the Court imposing a sentence by applying the Guidelines "and impos[ing] a sentence within the range corresponding to the determined total offense level and criminal history category." Because the district court did not even consult the Guidelines, this condition was not met; the waiver is not binding; and we have jurisdiction to review Aguilar's sentence.

In the district court, Aguilar contended that after *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Guidelines were unconstitutional, and he failed to object when the district court agreed. The district court nevertheless was required to consult the Guidelines in an advisory capacity, *see Booker,* 125 S.Ct. at 767; required by statute to consider the factors set forth in 18 U.S.C. § 3553(a); and required to provide the reasons for the sentence it imposed, *see* 18 U.S.C. § 3553(c); *United States v. Lockard,* 910 F.2d 542, 545–46 (9th Cir.1990). The district court satisfied none of these requirements, stating that "I will be sentencing you on your plea of guilty under the law as it existed prior to 1983." The district court judge also stated explicitly that he had not considered the Guidelines in imposing the sentence. This was error, as it was unreasonable when sentencing to ignore the law. *See Booker,* 125 S.Ct. at 765–67; *United States v. Ameline,* 376 F.3d 967, 981–82 (9th Cir.2004), *withdrawn,* 400 F.3d 646 (9th Cir.2005) (en banc).

We agree with the government that we must analyze Aguilar's unpreserved claim of error under the plain error standard. Although there was at the time of Aguilar's sentencing some uncertainty regarding the constitutionality of the Guidelines, there was no uncertainty as to the requirements of § 3553(a) and (c). The error was thus plain, and our confidence in the sentence imposed is undermined because there is nothing in the record to explain its basis. We also believe that the seemingly arbitrary sentence that was imposed seri-

---

\* The Honorable Lonny R. Suko, United States District Judge for the Eastern District of Washington, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ously affects the fairness, integrity, and public reputation of the sentencing proceeding. Because we find "plain error," we vacate the sentence.

Aguilar also claims that the district court violated his right to allocution under Federal Rule of Criminal Procedure 32(i)(4)(A), and that consequently, he is entitled to remand for a new sentencing hearing before a different district court judge. Because Aguilar is entitled to a new sentencing hearing, however, this claim is moot. Even if there were some merit to this claim, Aguilar has not demonstrated the "unusual circumstances" sufficient to warrant remand to a different judge. *United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir.1979); *see also United States v. Navarro–Flores*, 628 F.2d 1178, 1184–85 (9th Cir.1980). Upon resentencing, the district court must afford Aguilar an adequate opportunity for allocution in the new sentencing hearing. *See* Fed. R.Crim.P. 32(i)(4)(A)(ii).

**VACATED AND REMANDED FOR RESENTENCING.**