**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alejandro MERCADO–TAPIA,**
**a.k.a. Alejandro T. Mercado,**
**Defendant–Appellant.**

No. 06–10673.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Dec. 20, 2007.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Monte C. Clausen, USTU–Office of the U.S. Attorney, Evo A. DeConcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Rosemary Marquez, Attorney at Law, Montoya & Marquez, P.L.L.C., Tucson, AZ, for Defendant–Appellant.

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before: BRIGHT,* FARRIS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Alejandro Mercado–Tapia pled guilty to illegal re-entry after deportation under 8 U.S.C. § 1326. He appeals (1) the district court's denial of his motion to withdraw his guilty plea and (2) his sentence.

## I

"Prior to sentencing, a defendant can withdraw his guilty plea only by showing a fair and just reason for withdrawal." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir.2003) (citing Fed.R.Crim.P. 11(d)(2)(B)). Fair and just reasons include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason ... that did not exist when the defendant entered his plea." *United States v. Ortega–Ascanio*, 376 F.3d 879, 883 (9th Cir.2004).

The court did not abuse its discretion in denying Mercado Tapia's motion. It found as fact that the plea "colloquy was adequate and fair under the rules, that Mercado–Tapia understood the nature of the charge, that the sentencing guidelines would apply, but the Court could sentence above or below those sentencing guidelines ... [and] he understood that the sentence could be up to 20 years maximum." These findings of fact were not clearly erroneous. At the change of plea hearing on January 18, 2006, Mercado–Tapia answered under oath that he understood the charge against him, that he understood that the guidelines could be applied to his case, and that the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judge could go higher or lower than the guidelines. From Mercado–Tapia's own sworn statements, the judge could have reasonably concluded that Mercado–Tapia understood his charge and understood what his sentence might entail.

The district court's determination is bolstered by the record, which shows that (1) Mercado–Tapia received a thorough Rule 11 hearing, which "is strong evidence that the defendant comprehended the plea agreement," *Nostratis,* 321 F.3d at 1209 (citations omitted), and (2) Mercado–Tapia waited for seven months after pleading guilty, until the day he was to be sentenced, to move to withdraw his plea, *see United States v. Navarro–Flores,* 628 F.2d 1178, 1184 (9th Cir.1980) (an unexplained delay suggests that the "withdrawal was intended to serve a different purpose than that avowed.…").

## II

■ Mercado–Tapia challenges the manner in which his criminal history score was calculated arguing that (1) he was not represented by counsel during two of his misdemeanor convictions and, therefore, these convictions should not have been counted, and (2) four of his misdemeanor sentences were related and thus should have been counted as one misdemeanor sentence.

Under *Nichols v. United States,* 511 U.S. 738, 749, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), a sentencing court may rely on a valid un-counseled misdemeanor conviction that did not result in a sentence of imprisonment to increase the defendant's criminal history score. The record indicates that Mercado–Tapia's two un-counseled convictions were misdemeanors that did not result in imprisonment, and Mercado–Tapia has failed to present any evi-

dence to the contrary. The district court did not err in considering these convictions.

■ Mercado–Tapia's argument that four of his misdemeanor sentences were related also fails. While sentences imposed in related cases should be treated as one sentence, U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2006), "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.,* the defendant is arrested for the first offense prior to committing the second offense)." U.S. Sentencing Guidelines Manual § 4A1.2 cmt. n. 3.[1] The pre-sentence report shows that the four sentences in question resulted from four separate arrests. The district court did not err in counting Mercado–Tapia's four misdemeanor sentences as separate sentences, nor did it err by relying on the pre-sentence report to reach this conclusion. *See United States v. Ellsworth,* 456 F.3d 1146, 1152 (9th Cir.2006).

Further, even if the disputed criminal history points were removed, Mercado–Tapia would still fall well within Criminal History Category VI.

## III

Mercado–Tapia argues that his sentence was unreasonable because the judge did not consider the required factors under 18 U.S.C. § 3553(a). To comply with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court must show that it considered the factors listed in § 3553(a), although it need not make "a specific articulation of each factor separately." *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006). Our review of the record satis-

1. Sentencing Guideline § 4A1.2 application    note 3 was replaced in the 2007 amendments.

fies us that the district court complied with this requirement.

**AFFIRMED.**