**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerry Joseph LAVERNE, Defendant–Appellant.**

**No. 89–10356.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 1992.[*]

Decided April 28, 1992.

---

[*] The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4.

Clifford E. Tedmon, Tedmon & Tedmon, Sacramento, Cal., for defendant-appellant.

Richard J. Bender, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before: HALL and WIGGINS, Circuit Judges, and KEEP **, District Judge.

WIGGINS, Circuit Judge:

Defendant/Appellant, Jerry Laverne, appeals the sentence he received under the United States Sentencing Guidelines for bank robbery. 18 U.S.C. § 2113(a) (1988); U.S.S.G. § 2B3.1. Laverne argues that the district court erred by announcing Laverne's sentence before Laverne was allowed to address the court in the sentencing hearing. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 (1988). We affirm the district court's decision.

## BACKGROUND

On March 29, 1989, Laverne plead guilty to bank robbery. Because Laverne had been convicted of five violent felonies over the last twenty-seven years, ranging from rape to kidnapping to armed robbery, he was properly classified as a "career offender" under Sentencing Guidelines section 4B1.1. Laverne was represented by counsel at all times, and the originally scheduled sentencing hearing was postponed to allow Laverne's attorney to file a sentencing brief. In the brief and at the sentencing hearing, Laverne's attorney argued that the Sentencing Guidelines produced a disproportionately harsh sentence for Laverne because Laverne was not really a "violent criminal," and he urged the court to impose a lesser sentence.

** Hon. Judith Keep, United States District Judge for the Southern District of California, sitting by

The district court rejected this argument and ruled that Guideline section 4B1.1 was applicable, that Laverne was indeed a violent criminal and career offender under the Guidelines, and that the sentence imposed under the Guidelines was appropriate. While addressing Laverne's argument, the court also stated that Laverne would receive the mid-range Guideline sentence of 225 months. After this preliminary sentence was announced, the Assistant United States Attorney reminded the court that it must allow Laverne an opportunity to make a statement before imposing sentence. The court invited Laverne to make a statement, and Laverne made the same arguments as his attorney about his status as a career offender under the Sentencing Guidelines. The court again explained that Laverne's sentence was correct under the Sentencing Guidelines and then concluded the sentencing hearing.

## DISCUSSION

"Before imposing sentence, the court shall ... address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed.R.Crim.P. 32(a)(1)(C). This rule is derived from the common law right of a criminal defendant to make a statement before sentence is imposed, as was explained in *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961). The issue before us is whether Rule 32(a)(1)(C) may be satisfied by allowing the defendant an opportunity to make a statement before the end of the sentencing hearing but after the court has indicated its tentative conclusions on sentencing. This issue is a mixed question of law and fact and we review it de novo. *See United States v. McConney*, 728 F.2d 1195, 1201–04 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); *see also United States v. Navarro-Flores*, 628 F.2d 1178, 1184 (9th Cir.1980) (de novo review of whether allowing defen-

designation.

dant's counsel to address the court without inviting a personal statement from the defendant himself satisfies the requirements of Rule 32(a)(1)).

We believe the district court complied with the requirements of Rule 32(a)(1)(C) when it allowed the defendant to make a statement concerning his sentence before the end of the sentencing hearing. The court was able to consider the defendant's statement and was free to alter its view of the sentence if the defendant offered a sufficient reason for changing its view. The record shows that Laverne had the same opportunity to persuade the judge to mitigate his sentence as any other defendant under Rule 32(a)(1)(C).

Laverne relies on *Green* for the proposition that judges must refrain from indicating their views on the appropriate sentence until after defendants have had their opportunity to make a statement. We read *Green* differently. As long as the defendant has an opportunity to make a statement during the sentencing hearing, before the court makes its final judgment, Rule 32(a)(1)(C) is satisfied. Nothing in the record indicates that the court failed to give the defendant's statement the consideration it deserved. That the court had already made a preliminary determination regarding Laverne's sentence does not indicate that the court failed to give Laverne's statement due consideration. *United States v. Mata–Grullon,* 887 F.2d 23, 25 (1st Cir.1989). Indeed, the record shows that the court considered Laverne's arguments very carefully when they were first raised by his attorney and was simply not persuaded when these arguments were raised again by Laverne in his statement to the court. Like the plurality in *Green,* we "do not read the record before us to have denied the defendant the opportunity to which Rule 32(a) entitled him." 365 U.S. at 304, 81 S.Ct. at 655.

Laverne also relies upon *Navarro–Flores* for the proposition that remand to a different district judge is necessary if the sentencing judge expresses a preliminary conclusion on the sentence before the defendant's statement. As in *Navarro–Flores,* we emphasize that "in exercising his right to allocution defendant has the right to present fully all available accurate information bearing on mitigation of punishment, and the district court has a duty to listen and give careful and serious consideration to such information." *Id.* at 1184. We are satisfied that the district court complied with this mandate.

Remand to a different district court judge for resentencing was appropriate in *Navarro–Flores* because the defendant's statement could have presented "new factual matter" after the court had expressed its final judgment. *Id.* In the present case, Laverne presented no new factual information or legal arguments; he simply reiterated his position as previously expressed by his attorney. Moreover, we remanded the case to a different district judge in *Navarro–Flores* because the record showed "repeatedly expressed views, some apparently firmly expressed, of defendant by the district judge...." *Id.* (footnote omitted). The record before us shows that Laverne had a fair opportunity to personally persuade the court on the issue of mitigation and that the court gave Laverne's comments serious attention. The court's views regarding Laverne's sentence were not final or firm at the time of Laverne's statement because the sentencing hearing was still in progress.

Thus, unlike *Navarro–Flores,* remand to a different district judge is unnecessary. Indeed, any remand is unnecessary because the district court gave Laverne's statements full consideration before his sentence was final. It would be a pointless exercise to remand this case so the district court could consider Laverne's statement again. The requirements of Rule 32(a)(1)(C) were met when the district court considered Laverne's statements during the first sentencing hearing; there is no need for a second.

Laverne's arguments, however, are not meritless. We agree that district courts must be careful to avoid the concerns raised in *Navarro–Flores* by reserving final judgment on the defendant's sentence until after the defendant has had an oppor-

tunity to make his statement. In the present case, nothing in the record suggests the district court's preliminary views were final or inflexible before the court heard Laverne's allocution; the court simply refused to be persuaded by arguments that it had already heard. Thus, allowing the defendant an opportunity to make a statement before the end of the sentencing hearing but after the court had orally indicated its views regarding the appropriate sentence did not violate Rule 32(a)(1)(C).

For these reasons, the judgment of the district court is AFFIRMED.