117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edson DARER, Defendant-Appellant.
 Nos. 96-50445, 96-50457.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.**
July 3, 1997.
 
 Before: WALLACE, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edson Darer was charged with two counts of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. Darer pleaded guilty to both charges in a written consolidated plea agreement, in which the government agreed to recommend a three-point downward adjustment for acceptance of responsibility. However, during sentencing, the government did not make the recommendation, and the sentencing court did not grant the adjustment. Darer appeals, arguing: (1) the government breached the plea agreement by failing to recommend the downward adjustment; (2) the district court erred in not granting the adjustment; and (3) the district court violated Rule 32(c)(3) of the Federal Rules of Criminal
 
 
 3
 Procedure by denying him the right of allocution.[1]
 
 I. Breach of the Plea Agreement
 
 4
 In construing the plea agreement, we "must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." United States v. Myers, 32 F.3d 411, 413 (9th Cir.1994) (quoting and citing United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993)). We hold the government to the "literal terms of the agreement." Id. (quoting and citing United States v. Escamilla, 975 F.2d 568, 571 (9th Cir.1992)).
 
 
 5
 In Darer's plea agreement, the government agreed to recommend a three-point downward adjustment for acceptance of responsibility, but conditioned that recommendation on the following language:[2]
 
 
 6
 [T]he government will not recommend any adjustment for Acceptance of Responsibility if defendant:
 
 
 7
 1. Fails to admit a complete factual basis for the plea at the time it is entered, or
 
 
 8
 2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
 
 3. Fails to appear in court, or
 
 9
 4. Engages in additional criminal conduct, or
 
 
 10
 5. Attempts to withdraw the plea.
 
 
 11
 Despite his admitted understanding of the terms of the plea agreement, Darer denied involvement in his crime during his interviews with the probation officer who prepared his presentence report. Darer said that he only used a false name during his telemarketing activities because his own name was so difficult to pronounce. Instead of acknowledging that the victims often did not receive the gifts he promised them, or that his pitches to the victims were phoney, Darer stated that he was always promised that his victims would receive gifts, and that he did not make any false statements to his victims. Even after the probation officer reviewed the plea agreement with Darer (in which Darer admitted to "intentionally misleading" victims), Darer continued to respond that "it was very hard for him to know that the pitches he was making were phony, because representations made to him by the owners of the [telemarketing] operations led him to believe they were legitimate."
 
 
 12
 Because Darer denied involvement in his crimes during his interview with the probation officer, the government was not required to recommend a three-point downward adjustment for acceptance of responsibility.
 
 
 13
 II. Adjustment for Acceptance of Responsibility
 
 
 14
 Darer next argues that, even if the government did not breach the plea agreement, the district court erred when it did not adjust his sentence for acceptance of responsibility. In response, the government contends that Darer waived his right to appeal his sentence in the plea agreement. We agree with the government.
 
 Darer's plea agreement provided:
 
 15
 In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the offense level recommended by the Government pursuant to this agreement.
 
 
 16
 The plea agreement also expressly provided that the government would only recommend the three-point adjustment if Darer was not untruthful and not inconsistent with the probation officer. Because Darer lied to the probation officer, the government refused to recommend the adjustment, and instead recommended an offense level of 19. The maximum sentence for an offense level of 19 is 37 months, and the court sentenced Darer to 33 months. Darer's waiver in his plea agreement prevents him from appealing his sentence.
 
 III. Right of Allocution
 
 17
 Last, Darer argues that the district court denied him the right of allocution during the sentencing hearing. Under Rule 32(c)(3) of the Federal Rules of Criminal Procedure, "[b]efore imposing a sentence, the court must ... address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed.R.Crim.P. 32(c)(3) (1996).
 
 
 18
 Before allowing Darer to speak in mitigation of his sentence, the court stated:
 
 
 19
 I find from what I've heard here that [Darer] has not accepted responsibility. And I wouldn't care if he got on the--right now, to me, this morning, and admitted germ warfare. It wouldn't matter. He had his chance and he blew it. This man is a con artist and he was trying to con them and he's trying to con me, and it didn't work for them, and it isn't working for me.
 
 
 20
 Darer argues that, by making this statement, the district court effectively denied him the right of allocution. We disagree.
 
 
 21
 In United States v. Laverne, 963 F.2d 235 (9th Cir.1992), we considered whether a district court satisfied the requirements of Rule 32(a)(1)(C), Rule 32(c)(3)'s predecessor, by allowing a defendant to make a statement after the court had already stated its tentative conclusions as to what the defendant's sentence would be. Id. at 236. We held that the court satisfied the requirements of Rule 32 because, even though the court mentioned a tentative sentence, the court "was able to consider the defendant's statement and was free to alter its view of the sentence if the defendant offered a sufficient reason for changing its view." Id. at 237; see also United States v. Mata-Grullon, 887 F.2d 23, 25 (1st Cir.1989).
 
 
 22
 In the present case, the district court extensively reviewed the presentence report and discussed the issue of acceptance of responsibility with Darer's attorney. See Laverne, 963 F.2d at 237. Darer was allowed both to make a statement on his own behalf, and to include in that statement anything he thought might influence the court. See Green v. United States, 365 U.S. 301, 304 (1961) (observing that Rule 32 "explicitly affords the defendant two rights: to make a statement in his own behalf, and to present any information in mitigation of punishment.") (internal quotations omitted). As in Laverne, moreover, even though the district court stated that it could not be convinced by anything Darer said during his allocution, the court was free to change its mind and depart downward if it was swayed by Darer's allocution.
 
 
 23
 We conclude Darer was not deprived of his right of allocution in violation of Rule 32(c)(3). In view of this determination, we do not reach the question whether Darer's waiver of his right to appeal his sentence waived his right to appeal his contention that he was denied his right of allocution.
 
 
 24
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Darer's waiver of his right to appeal his sentence does not prevent him from appealing the issue of whether the government breached the plea agreement. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996), cert. denied, 117 S.Ct. 1282 (1997) (recognizing as exceptions to the waiver of a right to appeal in a plea agreement "claims involving a breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty.")
 
 
 [2]
 The district court implicitly found that the government did not breach the plea agreement by stating, during the sentencing hearing: "If Mr. Darer had said to the Court on the occasion of his plea--if he had said to me what he said to the Probation Officer, I would not have accepted the plea. I would not have accepted the plea. There's not a factual basis there."