**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Naul QUEZADA–LEON, aka Naul Falcon–Mendoza, Defendant— Appellant.**

**No. 01–10617, 01–10619.**

**D.C. Nos. CR–99–00018–HDM, CR–01–00115–HDM.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Naul Quezada–Leon appeals the sentences imposed following his guilty-plea convictions of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a),

---

1. Respondent's Motion for Judicial Notice is denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and violating supervised release from a prior conviction of illegal entry. Quezada–Leon argues that the district court denied him the right of allocution. We have jurisdiction, 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291, and review for harmless error whether the district court denied Quezada–Leon the right of allocution. *United States v. Leasure*, 122 F.3d 837, 840 (9th Cir.1997).

The district court held a single hearing to impose sentence on both the illegal reentry offense and the supervised release violation. At the hearing, defense counsel addressed both offenses together in his argument for leniency, asserting mitigating factors common to both offenses and suggesting one total sentence. In his address to the court, Quezada–Leon cited the same common mitigating factors and addressed both offenses together in urging leniency. Defense counsel was invited to speak again before sentencing on the supervised release violation; counsel did so, only reiterating his prior arguments.

The district court did not deny Quezada–Leon the right of allocution by not letting him speak again immediately before imposing sentence on the supervised release violation. Quezada–Leon and his counsel had explicitly argued for leniency on the supervised release violation when they addressed the illegal reentry. Quezada–Leon does not identify any additional statements on appeal which he did not have the opportunity to make and which would likely have affected his sentence. Accordingly, Quezada–Leon's right to allocution under Federal Rule of Criminal Procedure 32(c)(3)(C) was not abridged. *See United States v. Laverne*, 963 F.2d 235, 237 (9th Cir.1992) ("As long as the defendant has an opportunity to make a

statement during the sentencing hearing, before the court makes its final judgment, [Rule 32] is satisfied.").

Although he appeals from the conviction and sentence for illegal reentry, Quezada–Leon makes no argument challenging their validity. Quezada–Leon fails to demonstrate that the district court erred in rendering judgments of conviction and sentences on the illegal reentry and the supervised release violations.

**AFFIRMED.**