**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roman TORRES, Defendant–Appellant.**

**No. 05–50667.**

United States Court of Appeals, Ninth Circuit.

Submitted June 19, 2008.*

Filed June 23, 2008.

Becky S. Walker, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Robert C. Stacy, II, Esq., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, O'SCANNLAIN, and WARDLAW, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Pleasant Care. 34(a)(2).

MEMORANDUM **

Roman Torres appeals his sentence of 188 months imprisonment and five-year period of supervised release imposed following his guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Plouffe,* 445 F.3d 1126, 1128 (9th Cir.2006) (as amended). We affirm.

The district court correctly determined the applicable Guideline range. Using the Guideline range of 188 to 235 months as a starting point, the court then properly considered the 18 U.S.C. § 3553(a) factors in determining Torres's sentence and made "an individualized determination based on the facts." *See United States v. Carty,* 520 F.3d 984, 991 (9th Cir.2008) (en banc). Torres's sentence at the low end of the Guideline range was reasonable. The district court's rejection of the below-Guideline 120–month sentence requested by Torres and the probation officer, a recommendation which the district court found unjustified, was not an abuse of discretion. *See id.* at 993–94 ("[W]e shall simply abide by the Supreme Court's admonition that 'when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable.'" (quoting *Rita v. United States,* — U.S. —, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007))).

It was not plain error for the district court to impose a condition of supervised release requiring Torres to "participate in

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

outpatient substance abuse treatment and submit to drug and alcohol testing as instructed by the probation officer." *See United States v. Maciel–Vasquez,* 458 F.3d 994, 996 (9th Cir.2006) (internal quotation marks omitted), *cert. denied,* —— U.S. ——, 127 S.Ct. 2097, 167 L.Ed.2d 817 (2007). The error or prejudice, if any, "caused by the district court's decision to impose this condition did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Nor did the district court plainly err by imposing a condition of supervised release whereby "[a]s directed by the Probation Officer, [Torres would] pay all or part of the costs of treating [his] drug or alcohol dependency." *See United States v. Dupas,* 419 F.3d 916, 922, 924 (9th Cir.2005); *see also Maciel–Vasquez,* 458 F.3d at 996.

Contrary to Torres's argument, the district court afforded him the right of allocution at sentencing. That the district court announced a tentative sentencing decision prior to allocution did not violate Torres's right of allocution. "[N]othing in the record suggests the district court's preliminary views were final or inflexible before the court heard [Torres's] allocution." *See United States v. Laverne,* 963 F.2d 235, 236–38 (9th Cir.1992).

**AFFIRMED.**