*501 MEMORANDUM **
Patrick John Wayne Baugus (Baugus) pled guilty to possessing with intent to distribute 99 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). He appeals his sentence of 30 months imprisonment followed by three years supervised release. We affirm his sentence.
The district court complied with Federal Rule of Criminal Procedure 32 because it expressly adopted the probation officer’s determination that Baugus’ prior convictions were not constitutionally infirm. United States v. McClain, 30 F.3d 1172, 1174 (9th Cir.1994). The district court was not required to make findings regarding Baugus’ mitigation arguments. United States v. Stoterau, 524 F.3d 988, 1011 (9th Cir.2008).
The district court gave adequate consideration to defense counsel’s sentencing memorandum because the court reviewed it before the end of the hearing. Cf. United States v. Laverne, 963 F.2d 235, 237 (9th Cir.1992). Error, if any, was harmless because defense counsel presented all of the memorandum’s arguments and evidence before the district court announced the tentative sentence. See id.
Baugus also argues that the district court committed various procedural errors when sentencing him. First, Baugus argues that the district court failed to adequately address the § 3553(a) factors. Although the district court did not tick off each of the § 3553(a) factors, we can infer from the record that the district court knew and considered them. See United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (en banc).
Second, Baugus argues that the district court failed to make an individualized assessment of whether his sentence was reasonable. The district court recognized that the guidelines were advisory and then exercised its discretion to impose a below-guidelines sentence. The reasons the court gave for doing so make clear that it considered the mitigation arguments. See id. at 994.
Third, Baugus argues that the district court did not satisfy 18 U.S.C. § 3553(c). The district court’s active engagement of defense counsel at the hearing shows that the court listened to and considered the arguments. United States v. Perez-Perez, 512 F.3d 514, 516 (9th Cir.2008). The district court’s statement that it found a lower sentence unwarranted, even in light of the mitigating circumstances, was legally sufficient. Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007).
Further, the sentence imposed is substantively reasonable. In varying downward, it was not unreasonable for the district court to conclude that a term of imprisonment was appropriate, given Baugus’ role in transporting a substantial quantity of marijuana into the United States. See Carty, 520 F.3d at 993; see also Gall v. United States, — U.S. -, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.