MEMORANDUM **
Sidney Allen Mitchell appeals from the 72-month sentence imposed following his guilty-plea conviction for mail fraud, in violation of 18 U.S.C. § 1341, and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(l). We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.
Mitchell contends that the district court erred in determining his criminal history category by: (1) not considering, or by unreasonably rejecting, his arguments in favor of a lower category; and (2) not adequately explaining its reasons for the selected criminal history score. We conclude that the district court did not err in determining Mitchell’s criminal history category. See United States v. Carty, 520 F.3d 984, 992-93 (9th Cir.2008) (en banc).
To the extent that Mitchell challenges the overall reasonableness of his sentence, this claim is barred by the valid appeal waiver in the plea agreement. See United States v. Bibler, 495 F.3d 621, 624 (9th Cir.2007).
Mitchell contends, for the first time on appeal, that the district court erred by imposing a condition of supervised release prohibiting him from using, possessing, or maintaining a cell phone without his probation officer’s permission because the condition is: (1) an unwarranted occupational restriction; (2) an unusually serious infringement of liberty; and (3) unsupported by an explicit finding by the district court that the condition does not involve a greater deprivation of liberty than necessary. We conclude that Mitchell has not shown that the condition is an occupational restriction, that the record reflects a nexus between the use of a cell phone and the offense conduct, and that the condition is reasonably related to the legitimate goals of sentencing. See United States v. Rearden, 349 F.3d 608, 621-22 (9th Cir.2003). Moreover, the district court was not required to articulate on *165 record at sentencing the reasons for imposing each condition of supervised release. See United States v. Stoterau, 524 F.3d 988, 1005 (9th Cir.2008). We thus conclude that the district court did not plainly err. See Rearden, 349 F.3d at 622.
Mitchell contends that the district court impermissibly delegated to the probation officer the determination of whether and how much Mitchell should contribute to the cost of drug and alcohol dependency treatment. He also contends that the payment condition is unreasonable because he does not have the ability to pay. We conclude that the district court did not abuse its discretion in imposing the payment condition and delegating the cost determination to the probation office. See United States v. Soltero, 510 F.3d 858, 864 (9th Cir.2007).
Mitchell contends that the district court failed to afford him the right of allocution at sentencing. In light of the record, this contention fails. See United States v. Laverne, 963 F.2d 235, 237 (9th Cir.1992).
Mitchell contends that the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(B) by not ruling on his objection to the factual statement in the presentence report that he was the registered owner of a pistol. We conclude that the district court did not err, because the record unambiguously reflects that the district court placed no reliance on the challenged statement in determining the sentence. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 n. 2 (9th Cir.1990).
Mitchell contends that the written judgment differs from the oral pronouncement of sentence as follows: (1) the written judgment provides for interest on restitution payments, while the district court stated that it would waive interest; and (2) the written judgment includes mandatory outpatient substance abuse testing conditions, while the oral pronouncement used permissive terms. We remand to permit the district court to amend the written judgment so that it conforms to the terms of the oral pronouncement during sentencing. See United States v. Daniels, 541 F.3d 915, 926 (9th Cir.2008).
AFFIRMED; REMANDED to correct the judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.