MEMORANDUM **
Carlos Paul Ramirez Duarte appeals from the 41-month sentence imposed following his guilty-plea conviction for being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.
Duarte contends that his sentence is unreasonable because the district court: (1) failed to consider his mitigating evidence and the factors set forth in 18 U.S.C. § 3553(a); (2) failed to provide an adequate explanation for his sentence; (3) based his sentence on clearly erroneous facts; and (4) created an unwarranted sentencing disparity. We conclude that the district court did not commit procedural error and that Duarte’s sentence is substantively reasonable. See Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007); see also Gall v. United States, —— U.S. -, 128 S.Ct. 586, 598-602, 169 L.Ed.2d 445 (2007).
Duarte also contends that the district court deprived him of his right to allocution. This contention fails. See United States v. Laverne, 963 F.2d 235, 236-37 (9th Cir.1992).
Duarte further contends that Special Condition 2 of his supervised release should be vacated because the district court impermissibly delegated to the probation officer the authority to determine the maximum number of non-treatment-program drug tests that may be performed. This contention also fails. See United States v. Maciel-Vasquez, 458 F.3d *975 994, 996 (9th Cir.2006); United States v. Stephens, 424 F.3d 876, 882-84 (9th Cir.2005).
Next, Duarte contends that Special Condition 5 of his supervised release should be vacated because the district court imper-missibly: (1) delegated to the probation officer the authority to make him pay all or part of the costs of drug or alcohol treatment; and (2) disregarded his inability to pay. These contentions are foreclosed. See United States v. Soltero, 510 F.3d 858, 864-65 (9th Cir.2007); see also United States v. Dupas, 419 F.3d 916, 922-24 (9th Cir.2005).
Finally, Duarte requests, and the government agrees to, a remand to correct the written judgment so that it conforms with the district court’s oral pronouncement at sentencing that: (1) it would not impose Special Condition 8 of supervised release (which requires Duarte to comply with United States immigration rules and regulations); and (2) it would recommend placement in a Southern California facility. We remand for the limited purpose of correcting the written judgment in these respects. See United States v. Hicks, 997 F.2d 594, 597 (9th Cir.1993).
In accordance with United States v. Rivera-Sanchez, 222 F.3d 1057, 1062 (9th Cir.2000), we also remand to delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). See United States v. Herrera-Blanco, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)(2)).
Duarte’s motion for leave to file a replacement supplemental opening brief is granted. The Clerk shall file the brief received on August 11, 2008.
AFFIRMED; REMANDED to correct the judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.