FILED

NOT FOR PUBLICATION

AUG 02 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO OCHOA-TORRES,

Defendant - Appellant.

Nos. 12-50343
12-50345

D.C. Nos. 3:11-cr-00346-BEN
3:12-cr-00738-BEN

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

In these consolidated appeals, Sergio Ochoa-Torres appeals from the 13-month sentence and three-year term of supervised release imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326; and the 12-month sentence imposed upon revocation

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ochoa-Torres contends that the district court procedurally erred by failing to explain sufficiently why it imposed a three-year term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Ochoa-Torres has not shown a reasonable probability that he would have received a different sentence had the court given a more detailed explanation of the sentence. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Ochoa-Torres further contends that the three-year term of supervised release is substantively unreasonable. The district court did not abuse its discretion in imposing supervised release. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The imposition of supervised release was substantively reasonable in light of Ochoa-Torres's extensive criminal history, which included multiple immigration offenses. *See id.*; *see also* U.S.S.G. § 5D1.1 cmt. n.5 (district court should consider imposing term of supervised release on deportable alien if it determines supervised release would provide an added measure of deterrence and protection).

Ochoa-Torres next contends that he was denied his right of allocution under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). The record belies Ochoa-

Torres's contention. The district court stated its tentative sentencing decision, but then permitted Ochoa-Torres to allocute before imposing the final sentence. *See United States v. Laverne*, 963 F.2d 235, 237-38 (9th Cir. 1992).

Ochoa-Torres finally contends that the district procedurally erred by failing to explain sufficiently the 12-month revocation sentence. We review for plain error, *see Valencia-Barragan*, 608 F.3d at 1108, and find none. The district gave a sufficient explanation for the revocation sentence.

**AFFIRMED.**