
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30274 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00027-SEH-2 |
| v. | |
| CHRISTOPHER I. RITTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30318 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00027-SEH-3 |
| v. | |
| TRACER CHOVANAK, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted August 29, 2013[]
Seattle, Washington

Before: McKEOWN and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[***]

Defendants Christopher S. Ritter and Tracer K. Chovanak separately appeal sentences imposed following guilty pleas. We affirm.

We affirm the district court's decision to deny Ritter a mitigating role reduction. We review a district court's factual determination of whether a defendant is a minor or minimal participant in the criminal activity for clear error. *United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006). A minimal or minor participant adjustment under section 3B1.2 is available only if the defendant was substantially less culpable than his or her co-participants. *Id*. at 1283. Substantial evidence supports the district court's finding that Ritter was not a minor or minimal participant, as he was at least as involved as Chovanak. As detailed in the presentencing report, to which the district court expressly referred, the drug amount attributed to Ritter did not include what was found in Moran's possession, so her activity was not a proper comparison. Simply because someone

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, District Judge for the Southern District of New York, sitting by designation.

else was the source of the drugs did not mean Ritter was a "minor player." *See United States v. Rosas*, 615 F.3d 1058, 1068 (9th Cir. 2010).

We affirm the district court's finding that Ritter possessed firearms making him ineligible for the safety valve. We review the district court's factual finding for clear error. *United States v. Ferryman*, 444 F.3d 1183, 1185 (9th Cir. 2006). The finding was not clearly erroneous. Ritter handled the firearms. Our case law does not support Ritter's argument that he did not possess the firearms because they were never going to leave the location of the sting operation. *See United States v. O'Connor*, 737 F.2d 814, 818-19 (9th Cir. 1984).

We affirm the district court's denial of Ritter's request for downward departure based on sentencing entrapment. We review the district court's decision for abuse of discretion. *United States v. Biao Huang*, 687 F.3d 1197, 1202 (9th Cir. 2012). The district court did not abuse its discretion. The record indicated Ritter's complete willingness to proceed, even as the size and scope of the proposed transactions increased over time. There was no evidence of the type of reluctance and inducement present in cases where sentencing entrapment has been found. *See United States v. Naranjo*, 52 F.3d 245, 251 (9th Cir. 1995). Further, Ritter's "imperfect entrapment" defense is foreclosed because he pleaded guilty. *See United States v. McClelland*, 72 F.3d 717, 725 (9th Cir. 1995).

We affirm Ritter's sentence as procedurally and substantively reasonable. Where the district court correctly calculated the applicable sentencing range, we review the sentence for reasonableness. *Biao Huang*, 687 F.3d at 1202. The district court properly considered the statutorily designated factors when imposing Ritter's sentence. The sentence was not unreasonable. The district court need not make a specific articulation of each section 3553(a) factor. *See United States v. Diaz-Argueta*, 564 F.3d 1047, 1051-52 (9th Cir. 2009).

We also affirm Chovanak's sentence. His right to allocution was not violated. The district court asked both counsel whether there was anything further, and both, including Chovanak's attorney, said there was not. The district court then announced the sentence it intended to impose. It then asked counsel again if there was anything to add before the sentence was finally imposed, and at that point it separately asked Chovanak if he had anything to say. Chovanak accepted the invitation and said what he wanted to say. That process satisfied the requirements of Federal Rule of Criminal Procedure 32. *See United States v. Laverne*, 963 F.2d 235, 237 (9th Cir. 1992).

**AFFIRMED.**