**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50000 |
| Plaintiff - Appellee, | D.C. No. 5:11-cr-00048-VAP |
| v. | |
| DION IVAN PATTERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Dion Ivan Patterson appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Patterson contends that he was denied the right of allocution.  *See* Fed. R. Crim. P. 32.1(b)(2)(E).  The record belies this contention.  Patterson had an opportunity to make a statement both before and after the court announced its tentative sentence.  *See United States v. Laverne*, 963 F.2d 235, 237-38 (9th Cir. 1992) (right of allocution satisfied where defendant permitted to speak before the end of the sentencing hearing but after the court indicated its views regarding the appropriate sentence).

Patterson also contends that the district court procedurally erred by (1) failing to address his mitigating arguments, (2) focusing exclusively on the need to protect the public, (3) relying on clearly erroneous facts, and (4) basing his sentence on the seriousness of his new criminal conduct.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.  The record reflects that the court adequately considered Patterson's mitigating arguments and the 18 U.S.C. § 3583(e) factors, sufficiently explained the sentence, and did not choose the sentence based on clearly erroneous facts.  *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).  It further reflects that the district court took proper account of the seriousness of Patterson's conduct and did not impose sentence primarily on this basis.  *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Finally, Patterson contends that his sentence is substantively unreasonable in light of the court's alleged procedural errors. The district court did not abuse its discretion in imposing Patterson's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the section 3583(e) sentencing factors, including the need to afford adequate deterrence and to protect the public. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**