**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONICO LOPEZ-CARRANZA,

Defendant - Appellant.

No. 15-30292

D.C. No. 1:15-cr-00079-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
William B. Shubb, District Judge, Presiding[**]

Submitted April 13, 2016[***]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

   Monico Lopez-Carranza appeals the 18-month sentence imposed following

his guilty-plea conviction for being a deported alien found in the United States, in

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The Honorable William B. Shubb, Senior United States District Judge for the Eastern District of California, sitting by designation.

   [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez-Carranza first contends that the district court violated Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) when it pronounced sentence without permitting him to allocute. We disagree. Although the court initially pronounced sentence without inviting Lopez-Carranza to allocute, after it was notified of the error, it stated that it would hear from Lopez-Carranza and "reconsider" the sentence. Contrary to Lopez-Carranza's argument, the record reflects that the court gave Lopez-Carranza's statements due consideration, but was simply unpersuaded that they warranted a different sentence. On this record, there was no error. *See United States v. Laverne*, 963 F.2d 235, 236-38 (9th Cir. 1992).

Lopez-Carranza next contends that his sentence is substantively unreasonable because the Guidelines range overstated the seriousness of his 2010 conviction and the district court did not account for his subsequent rehabilitation and other mitigating factors. In light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, we conclude that the court did not abuse its discretion in imposing a sentence at the bottom of the Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

15-30292