FILED

JAN 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10226 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00267-GEB |
| v. | |
| TERRANCE J. CRUZ, | MEMORANDUM[*] |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell Jr., District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Terrance J. Cruz appeals from the district court order affirming his

conviction and sentence after a bench trial before a magistrate judge for violating

the terms of a special use permit, in violation of 16 U.S.C. § 551 and 36 C.F.R.

§ 261.10(l).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cruz contends that there was insufficient evidence for the magistrate judge to find that he violated two conditions of his special use permit. The permit, which authorized Cruz to collect pine cones from Eldorado National Forest, included conditions that (1) the permit "must be in the Permittee's possession while harvesting and transporting products," and "[c]opies are not allowed;" and (2) the permit is "nontransferable." In light of Cruz's admission that he provided photocopies of the permit to multiple individuals so that they could collect pine cones outside of his presence, the district court correctly determined that sufficient evidence supports Cruz's conviction. *See* 36 C.F.R. § 261.10(l); *United States v. Nevils*, 598 F.3d 1158, 1164-65 (9th Cir. 2010) (en banc). Cruz's argument regarding the rule of lenity is unavailing because there is no "grievous ambiguity or uncertainty" in the conditions of the permit. *See Barber v. Thomas*, 560 U.S. 474, 488 (2010).

Furthermore, because "a reasonable person of ordinary intelligence" would understand that Cruz's conduct was prohibited by the conditions regarding possession, photocopying, and transferability of the permit, the permit is not unconstitutionally vague. *See United States v. Weitzenhoff*, 35 F.3d 1275, 1289 (9th Cir. 1993).

Finally, Cruz argues that the magistrate judge ran afoul of Federal Rule of

Criminal Procedure 32 by announcing Cruz's sentence before he was given an opportunity to allocute. The record demonstrates, however, that the magistrate judge gave Cruz an opportunity to address the court prior to imposing a final sentence, thus complying with the requirements of Rule 32. *See United States v. Laverne*, 963 F.2d 235, 237 (9th Cir. 1992) (no violation where the "court was able to consider the defendant's statement and was free to alter its view of the sentence if the defendant offered a sufficient reason for changing its view").

**AFFIRMED.**